Filed 12/3/25  P. v. Leyba CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101772 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F00173) |
| v. | |
| FREDDIE CHARLES LEYBA, | |
| Defendant and Appellant. | |

Defendant Freddie Charles Leyba appeals the trial court's order after resentencing, arguing the court erred by failing to apply a forward-looking analysis when deciding not to strike sentencing enhancements under Penal Code[1] section 1385.  Additionally, defendant argues, and the People agree, his restitution fine should be vacated following the enactment of Assembly Bill No. 1186 (2023-2024 Reg. Sess.) (Assembly Bill 1186).

---

[1]    Further undesignated section references are to the Penal Code.

1

We agree with defendant on both contentions and accordingly vacate his restitution fines and remand the matter to the trial court to conduct a full resentencing hearing.

FACTUAL AND PROCEDURAL BACKGROUND

In 1993, defendant killed Sonja Vasquez and disposed of her body on a freeway off-ramp. (*People v. Leyba* (Apr. 26, 1996, C019464) [nonpub. opn.].) Also in 1993, in a different incident, defendant shot another victim in the neck. (*Ibid*.)

On September 6, 1994, a jury convicted defendant of first degree murder and willful, deliberate, and premeditated attempted murder. The jury also found true that defendant both personally used a firearm pursuant to section 12022.5, subdivision (a) and personally caused great bodily injury pursuant to section 12022.7 for the attempted murder. The trial court found three prior conviction enhancements and one prior prison term enhancement true.

Defendant was sentenced on October 7, 1994, to 25 years to life for the murder and a consecutive indeterminate life term for the attempted murder. For the enhancements, defendant was sentenced to three years for inflicting great bodily injury, five years for personally using a firearm, 15 years for three prior serious felony convictions, and one year for a prior prison term, totaling a 24-year determinate sentence.

On June 14, 2024, following notification of eligibility and briefing from defendant, the trial court held a resentencing hearing under section 1172.75. At the hearing, the court considered whether it should dismiss defendant's sentence enhancements pursuant to section 1385, subdivision (c)(2). At the conclusion of the arguments, the court commented on defendant's minimal rehabilitative efforts, "the absolute horrendous nature of [the] crime[s]," and the "complete and absolute danger to society" that defendant posed at the time of sentencing, commenting that "[t]he [c]ourt . . . still believes [defendant] is a danger to society." The court then struck the now invalid prior prison term enhancement pursuant to section 1172.75 but declined to further modify defendant's sentence.

Defendant appeals.

## DISCUSSION

### I

*The Record Does Not Clearly Indicate The Trial Court Would*

*Impose The Same Sentence Under Section 1385*

Defendant contends the trial court abused its discretion by failing to strike some of his enhancements.  We agree.

We review a trial court's refusal to strike a sentence enhancement under section 1385 for abuse of discretion.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  This standard "is not empty."  (*People v. Williams* (1998) 17 Cal.4th 148, 162.)  Indeed, "an abuse of discretion arises if the trial court based its decision on impermissible factors [citation] or on an incorrect legal standard."  (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

Section 1385 states in relevant part:  "[T]he court shall dismiss an enhancement if it is in the furtherance of justice to do so."  (§ 1385, subd. (c)(1).)  "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" listed in the statute "are present."  (§ 1385, subd. (c)(2).)  Presence of any of "these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (*Ibid*.)  The plain language of section 1385, subdivision (c)(2) does not support a "singular focus on whether the defendant *currently* poses a danger."  (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 228.)  "[T]he current dangerousness of the defendant is an appropriate *factor* to consider," but the inquiry does not end there.  (*Ibid*., italics added.)  Instead, "the trial court must look to when a defendant would be released" and determine if that defendant could still pose a danger to society in the future.  (*Id*. at p. 229.)  Indeed, "[a] defendant who would obtain immediate release if the petition is granted poses a

3

different potential danger to society than a defendant who could be released only in his or her [or their] 70's." (*Ibid.*)

Defendant asserts, and the People concede, the trial court applied an erroneous legal standard when it evaluated only defendant's current risk of danger. We agree as well. Defendant was subject to multiple enhancements, so a mitigating circumstance under section 1385 applied to weigh in favor of dismissal unless dismissal would endanger public safety. (§ 1385, subd. (c)(2)(B).) The court's statement that "[t]he [c]ourt . . . still believes [defendant] is a danger to society" reveals the court was considering only defendant's dangerousness as it stood at that instant. Notably absent is any finding on whether defendant may be a danger to society at the time of his release if the court were to dismiss any enhancements. Accordingly, the trial court abused its discretion by using an erroneous legal standard.

If, at the time of sentencing, the court is unaware of "the scope of its discretionary powers," then "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A clear indication exists where a review of the record reveals with an abiding conviction that remand would be an "idle" endeavor. (*People v. Salazar* (2023) 15 Cal.5th 416, 431.) This analysis may not rest on the trial court's "attendant decisions" or "length of the original sentence," as "it is almost always speculative for a reviewing court to say what the [trial] court would have done" applying a different analysis from what it did originally. (*Ibid.*)

The People argue the record here clearly indicates remand is unnecessary based on the trial court noting at the resentencing hearing the " 'absolute horrendous nature of the crime' " and that defendant is a " 'complete and absolute danger to society.' " These statements do not establish that the same outcome would have occurred had the trial court applied the correct legal standard to the dangerousness analysis or even if it had given the mitigating factors great weight. The trial court applied the wrong standard, as discussed

4

above; thus, its discussion of defendant's dangerousness under the erroneous standard cannot serve as the reason the trial court would have found dismissal was not in the interest of justice. Nothing in the trial court's analysis or language clearly indicates it would have made the same decision had it applied the correct standard. (*People v. Gonzalez*, *supra*, 103 Cal.App.5th at p. 231.) Accordingly, we must remand, as any attempt by this court to do otherwise would be unbridled speculation. (*People v. Salazar*, *supra*, 15 Cal.5th at p. 431.)

II

*Defendant's Restitution Fines Must Be Vacated Under Section 1465.9*

Both parties agree defendant's court ordered restitution must be vacated in the wake of Assembly Bill 1186. We agree. Assembly Bill 1186 added subdivision (d) to section 1465.9, which states: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to [s]ection 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectable, and any portion of a judgment imposing those fines shall be vacated." (Stats. 2024, ch. 805, § 1.) Here, defendant's restitution fine was imposed in 1994; thus, it has been over 10 years since the fine was imposed, and it accordingly must be vacated.

## DISPOSITION

Defendant's sentence is reversed and the matter is remanded for a full resentencing conducted in accordance with current law, including vacating the restitution fine under section 1465.9.  In all other respects, the judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
RENNER, J.

/s/
WISEMAN, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.